UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
*Electronically Filed*

| | | |
|---|---|---|
| ROBERT MORGAN and LEONARD ANDREW | ) ) ) | |
| Plaintiffs | ) ) | Case No. ___'.%+!7J!(+(!>< A____ |
| v. | ) ) | |
| COMMONWEALTH OF KENTUCKY, for injunctive relief only | ) ) ) | |
| Serve: Office of the Attorney General 700 Capitol Avenue, Suite 118 Frankfort, Kentucky 40601 | ) ) ) ) ) | |
| JOHN TILLEY, individually and in his official capacity as Secretary of the Justice & Public Safety Cabinet | ) ) ) ) | |
| Serve: 125 Holmes Street Frankfort, Kentucky 40601 | ) ) ) | |
| JAMES ERWIN, individually and in his official capacity as acting Commissioner of the Kentucky Department of Corrections | ) ) ) ) ) | |
| Serve: Department of Corrections Health Services Building 275 East Main Street Frankfort, Kentucky 40602 | ) ) ) ) ) | |
| AARON SMITH | ) ) | |
| Serve: Kentucky State Reformatory 3001 W Hwy 146 La Grange, Kentucky 40032 | ) ) ) ) | |

JULIE BARBER                               )
                                           )
Serve: Kentucky State Reformatory          )
        3001 W Hwy 146                      )
        La Grange, Kentucky 40032          )
                                           )
CARLTON JOBE                               )
                                           )
Serve: Kentucky State Reformatory          )
        3001 W Hwy 146                      )
        La Grange, Kentucky 40032          )
                                           )
ALVIN BROWN                                )
                                           )
Serve: Kentucky State Reformatory          )
        3001 W Hwy 146                      )
        La Grange, Kentucky 40032          )
                                           )
OFFICER JONES, #358                        )
                                           )
Serve: Kentucky State Reformatory          )
        3001 W Hwy 146                      )
        La Grange, Kentucky 40032          )
                                           )
DENNY ACOSTA                               )
                                           )
Serve: Kentucky State Reformatory          )
        3001 W Hwy 146                      )
        La Grange, Kentucky 40032          )
                                           )
DARRELL BRATTON                            )
                                           )
Serve: Kentucky State Reformatory          )
        3001 W Hwy 146                      )
        La Grange, Kentucky 40032          )
                                           )
              Defendants.                  )

************

## COMPLAINT

## PRELIMINARY STATEMENT

1.      The Kentucky State Reformatory is dangerously understaffed. Correctional officers and inmates are forced to work and live in a chaotic environment.  Violent inmates prey on vulnerable or isolated inmates, and collect debts or dish out prison discipline with vicious assaults.  Robert Morgan and Leonard Andrew are victims of KSR's understaffing.  Despite Morgan's warning to KSR and Kentucky officials

## PARTIES AND JURISDICTION

2.      Robert Morgan is a resident of the Commonwealth of Kentucky, who is currently incarcerated at Kentucky State Penitentiary in Eddyville, Kentucky.  On September 11, 2016, Morgan was incarcerated at Kentucky State Reformatory in La Grange, Kentucky.

3.      Leonard Andrew is a resident of the Commonwealth of Kentucky.  At all times relevant to this Complaint, he was incarcerated at Kentucky State Reformatory in La Grange, Kentucky.

4.      The Commonwealth of Kentucky, through its agency, the Kentucky Department of Corrections, is the entity charged with the care and custody of all inmates incarcerated in KDOC, including at KSR.  It is further responsible for staffing institutions within KDOC, including KSR.  It is sued for injunctive relief only.

5.      At all times relevant to this Complaint, Defendant John Tilley was Secretary of the Kentucky Justice & Public Safety Cabinet.  He was responsible for the safety of all inmates incarcerated in KDOC, including at KSR.  He was further

responsible for staffing institutions within KDOC, including KSR.  He is sued in his official and individual capacities.

6.      At all times relevant to this Complaint, Defendant James Erwin was acting Commissioner of the Kentucky Department of Corrections, Deputy Commissioner of Adult Institutions of the Kentucky Department of Corrections, or both.  He was responsible for the safety of all inmates incarcerated in KDOC, including at KSR.  He was further responsible for staffing institutions within KDOC, including KSR.  He is sued in his official and individual capacities.

7.      At all times relevant to this Complaint, Defendant Aaron Smith was Warden at KSR.  He was responsible for the safety of all inmates incarcerated at KSR.  He was further responsible for staffing at KSR.  He is sued in his individual capacity.

8.      At all times relevant to this Complaint, Defendant Julie Barber was a psychologist at KSR.  She was responsible for the safety of all inmates incarcerated at KSR.  As part of that responsibility, she was responsible for reporting risks of harm of which she knew.  She is sued in her individual capacity.

9.      At all times relevant to this Complaint, Defendant Carlton Jobe was a correctional officer at KSR.  He was responsible for the safety of all inmates incarcerated at KSR.  He is sued in his individual capacity.

10.     At all times relevant to this Complaint, Defendant Alvin Brown was a correctional officer at KSR.  He was responsible for the safety of all inmates incarcerated at KSR.  He is sued in his individual capacity.

11.    At all times relevant to this Complaint, Defendant Officer Jones was a correctional officer at KSR. He was responsible for the safety of all inmates incarcerated at KSR. He is sued in his individual capacity.

12.    At all times relevant to this Complaint, Defendant Denny Acosta was a correctional officer at KSR. He was responsible for the safety of all inmates incarcerated at KSR. He is sued in his individual capacity.

13.    At all times relevant to this Complaint, Defendant Darrell Bratton was a correctional officer at KSR. He was responsible for the safety of all inmates incarcerated at KSR. He is sued in his individual capacity.

14.    This Court has subject matter jurisdiction over this action and venue is proper. Plaintiff's claims involve an amount more than the jurisdictional limit of this Court and a substantial amount of the conduct giving rise to this matter occurred in this judicial District.

## FACTUAL ALLEGATIONS

15.    In May 2016, Robert Morgan wrote to Governor Bevin and then-Commissioner Rodney Ballard to warn them that Kentucky State Reformatory was dangerously unsafe due to understaffing. Morgan specifically expressed concern that KSR staff was not appropriately protecting inmates from violence.

16.    Defendants Erwin and Smith acknowledged receipt of Morgan's May 2016 letter.

17.    On July 12, 2016, Defendant Smith published to KSR inmates a memorandum that acknowledged KSR was so understaffed that "one half of the

inmate population" needed to be transferred out of the facility, and six dorms needed to be closed.

18.     Defendants Tilley and Erwin were aware of Smith's memorandum and were involved in all decisions regarding staffing and transfers at KSR.

19.     Defendants did not transfer from KSR one-half of the inmate population was not transferred after July 12, 2016, nor did they close six dorms.

20.     On or around September 9, 2016, Morgan met with Defendant Smith. Morgan told Smith he was afraid for his safety, and specifically that he feared KSR staff would not protect him appropriately from violence.

21.     Between May 1, 2016 and September 11, 2016, there were numerous inmate-on-inmate assaults, of which Defendants were aware.

22.     Before September 11, 2016, KSR inmates Aaron Lomax, Dustin McKinney, and Isidro Perez, committed one or more assaults, of which Defendants were aware.

23.     Before September 11, 2016, Defendants knew McKinney was incarcerated for murder.

24.     Before September 11, 2016, Defendants knew Perez was incarcerated for manslaughter.

25.     Before September 11, 2016, Morgan notified Defendant Barber he was afraid for his safety, and specifically that he feared KSR staff would not protect him appropriately from violence.

26.     On September 11, 2016, KSR inmates had open an active $1,000 reward for any inmate who murdered Morgan.

27.     Defendants knew, or with reasonable investigation could have known, about the hit on Morgan's life.

28.     On September 11, 2016, Defendant Jobe was responsible for supervision of the recreation yard.

29.     On September 11, 2016, Defendants Brown, Jones, and Acosta were responsible for supervision of the dorm in which Morgan was incarcerated.

30.     On September 11, 2016, several KSR inmates viciously assaulted Morgan.  They chased Morgan off the recreation yard, through the dorm, and to Morgan's cell.  Throughout their chase, they were armed with weapons.  When they caught up to Morgan, they stabbed him 17 times.  Morgan suffered a concussion, collapsed lung, and multiple contusions and lacerations.  Morgan required surgery and sustained permanent injuries in the assault.

31.     Despite the lengthy chase and assault, no defendant, nor any other KSR official, intervened to protect Morgan.

32.     Defendant Jobe saw the inmates chase Morgan from the yard, but failed to respond, or he abandoned his responsibility to supervise the yard.

33.     Defendants Brown, Jones, and Acosta saw the assault, but failed to respond.

34.     Between May 1, 2016 and August 6, 2016, there were numerous inmate-on-inmate assaults, of which Defendants were aware.

35.     Between May 1, 2016 and August 6, 2016, KSR inmate Dustin McKinney committed one or more assaults, of which Defendants were aware.

36.     Before August 6, 2016, Defendants knew McKinney was incarcerated for murder.

37.     On August 6, 2016, Defendant Bratton was responsible for supervision of the Unit A recreation yard.

38.     On August 6, 2016, Bratton abandoned his responsibility to supervise the Unit A recreation yard.

39.     On August 6, 2016, McKinney viciously assaulted Andrew on the Unit A recreation yard.  McKinney stomped Andrew until Andrew lost consciousness. Andrew lay in the yard for several minutes before any KSR official noticed or helped him.  Morgan suffered a serious injury to his eye, which required surgery, and resulted in permanent injury.

40.     Defendants acted as agents of the Commonwealth of Kentucky.

41.     Because of Defendants' conduct described above, Morgan and Andrew have been damaged in an amount to be determined at trial.

## COUNT 1:
## EIGHTH AMENDMENT – 42 U.S.C. § 1983
## (ALL DEFENDANTS)

42.     Plaintiffs incorporate by reference the allegations previously set forth in this Complaint.

43.     Defendants were deliberately indifferent in that they knew of a substantial risk of serious harm to Plaintiffs, specifically that they were at risk of

physical assault, and disregarded that risk by failing to take reasonable measures to deal with it.

44.     Plaintiffs would not have been assaulted, or would not have been as seriously injured, if Defendants had not been deliberately indifferent.

45.     In addition to compensatory damages, expenses, and court costs, Plaintiffs entitled to punitive damages and an award of attorney fees in prosecuting this action, pursuant to 42 U.S.C. § 1988.

## COUNT 2:
## EIGHTH AMENDMENT – 42 U.S.C. § 1983[1]
## (ALL DEFENDANTS)

46.     Plaintiffs incorporate by reference the allegations previously set forth in this Complaint.

47.     Alternatively, Defendants made an intentional decision with respect to the conditions under which Plaintiffs were confined.

48.     Those conditions put Plaintiffs at substantial risk of suffering serious harm.

49.     Defendants did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved, making the consequences of Defendants' conduct obvious.

50.     By not taking such measures, Defendants caused Plaintiffs' injuries.

---

[1] Count 2 is pled based on a nonfrivolous argument for extending, modifying, or revising existing law, or for establishing new law.  CR 11.

51.     In addition to compensatory damages, interest, expenses, and court costs, Plaintiffs entitled to punitive damages and an award of attorney fees in prosecuting this action, pursuant to 42 U.S.C. § 1988.

## COUNT 3:
## EIGHTH AMENDMENT - 42 U.S.C. § 1983
## (DEFENDANTS TILLEY, ERWIN, SMITH and BROWN)

52.     Plaintiffs incorporate by reference the allegations previously set forth in this Complaint.

53.     Defendants Tilley, Erwin, Smith, and/or Brown encouraged Defendants Erwin, Smith, Barber, Jobe, Brown, Acosta, and/or Bratton's deliberate indifference, in that they officially authorized, approved, or knowingly went along with Defendants Erwin, Smith, Barber, Jobe, Brown, Acosta, and/or Bratton's unconstitutional conduct.

54.     Defendants Tilley, Erwin, Smith, and/or Brown knowingly refused to terminate a series of acts by Defendants Erwin, Smith, Barber, Jobe, Brown, Acosta, and/or Bratton, which they knew or reasonably should have known would cause Defendants Erwin, Smith, Barber, Jobe, Brown, Acosta, and/or Bratton to be deliberately indifferent.

55.     In addition to compensatory damages, interest, expenses, and court costs, Plaintiffs are entitled to punitive damages and an award of attorney fees in prosecuting this action, pursuant to 42 U.S.C. § 1988.

**COUNT 4:**
**NEGLIGENCE**
**(ALL DEFENDANTS)**

56.     Plaintiffs incorporate by reference the allegations previously set forth in this Complaint.

57.     It was Defendants' duty to exercise ordinary care for the safety of other persons, including Plaintiffs, to avoid foreseeable injuries.

58.     Defendants knew or should have known Plaintiffs were at risk of injury.

59.     Defendants' breach of their duty was a substantial factor in causing Plaintiffs' injuries.

60.     In addition to compensatory damages, interest, expenses, and court costs, Plaintiffs are entitled to punitive damages and an award of attorney fees in prosecuting this action.

**PRAYER FOR RELIEF**

Accordingly, Plaintiffs request the Court grant the following relief:

1.     Judgment in their favor against Defendants and an award of monetary damages, including punitive damages, for Defendants' unlawful actions;

2.      A preliminary and permanent injunction, without bond, requiring Defendants Commonwealth of Kentucky, Tilley, and Erwin to provide appropriate staffing at Kentucky State Reformatory, or transfer KSR inmates to prisons with appropriate staffing levels.

3.     An award of attorney fees, costs, and expenses incurred in prosecuting

this action, pursuant to 42 U.S.C. § 1988;

    4.    Trial by jury; and

    5.    All other relief to which Plaintiffs may be entitled.


Respectfully submitted,

CRAIG HENRY PLC
Aaron Bentley
Michele Henry


/s/ Aaron Bentley
239 South Fifth Street, Suite 1400
Louisville, Kentucky 40202
Telephone: (502) 614-5962
Facsimile: (502) 614-5968
abentley@craighenrylaw.com
mhenry@craighenrylaw.com

*Counsel for Plaintiffs Robert Morgan
and Andrew Leonard*