UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:17-CV-00474-JHM

ROBERT MORGAN and                                                    PLAINTIFFS
LEONARD ANDREW

v.

COMMONWEALTH OF KENTUCKY, et al.                                     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion to dismiss by all named defendants: the Commonwealth of Kentucky, Secretary John Tilley, Commissioner James Erwin, Warden Aaron Smith, Julie Barber, Carton Jobe, Alvin Brown, Denny Acosta, Darrell Bratton, and an "Officer Jones." (DN 22.) Also before the Court is a motion for reconsideration by plaintiffs Robert Morgan and Leonard Andrew (DN 23), asking the Court to reconsider its November 3, 2017 memorandum opinion and order. (DN 20.) These matters are ripe for decision.

### I. BACKGROUND

Morgan and Andrew are inmates who were incarcerated at Kentucky State Reformatory ("KSR") in La Grange, Kentucky. (Pl.'s Amend. Compl. [DN 10] ¶¶ 2–3.) Both allege that, on separate occasions, they were assaulted and seriously injured by other inmates at KSR. (*Id.* ¶¶ 1, 30, 38.) Their amended complaint details the conditions of their confinement that they believe caused their injuries: that KSR was overpopulated and understaffed (*id.* ¶ 17), that prison staff members were aware of the frequency at which inmate-on-inmate violence was occurring and the risk it posed (*id.* ¶¶ 21, 34), that certain staff members were specifically told by Morgan that he feared for his safety (*id.* ¶¶ 15, 20, 25, 27), and that no staff members intervened during either assault to render aid to Morgan or Andrew. (*Id.* ¶¶ 31–33, 39.)

Morgan and Andrew assert five claims in their amended complaint. (DN 10.) They make claims for violations of their Eighth Amendment rights under 42 U.S.C. § 1983 (Counts I–III), as well as state-law negligence claims (Count IV) while seeking injunctive relief as well (Count V). After the Court screened the complaint pursuant to 28 U.S.C. § 1915A (DN 9), the defendants moved for summary judgment on the grounds that both Morgan and Andrew had failed to exhaust their internal prison remedies. (DN 13.) In its November 3 memorandum opinion and order, the Court granted in part the motion for summary judgment. The Court found that Morgan and Andrew had failed to exhaust their internal prison remedies, as required by the Prison Litigation Reform Act ("PLRA"), as they failed to adhere to the KSR grievance policy of naming all individuals related to the issue in their grievances. (DN 20, at 12.) The only exceptions were Morgan's claims against "Officer Jones," who was named in the grievance, and the negligence claims against all defendants, as the PLRA does not govern state-law claims by inmates. (*Id.* at 12–13.)

The defendants have now moved to dismiss the negligence claims due to Morgan and Andrew's failure to exhaust their remedies in accordance with KRS § 454.415. (DN 22.) Morgan and Andrew have responded (DN 24), and they have also moved for reconsideration of the Court's prior order granting summary judgment. (DN 23). The defendants have not responded to the motion for reconsideration.

## II. MOTION FOR RECONSIDERATION

### A. STANDARD OF REVIEW

The Sixth Circuit recognizes that a district court has authority both under common law and under Rule 54(b) "to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x

949, 959 (6th Cir. 2004). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.* (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)). A motion to reconsider under Rule 54(b) may not, however, "serve as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration [is] sought." *Owensboro Grain Co., LLC v. AUI Contracting, LLC*, 2009 WL 650456, at *2 (W.D. Ky. Mar. 10, 2009).

## B. ANALYSIS

Morgan and Andrew make several arguments in seeking reconsideration of the Court's prior order. The Court begins with two arguments that are without merit. First, Morgan asks the Court to reconsider its conclusion that his grievance did not sufficiently identify the individuals who are now defendants in this action, as the grievance provided enough information for KSR to discern who those individuals were.[1] The Court must reject this argument, as the Supreme Court has clearly stated that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion" of a grievance. *Jones v. Bock*, 549 U.S. 199, 218 (2007). KSR's grievance policy requires that the grievance name all individuals. (DN 13-2 ¶ II.J.1.a.5.) Morgan did not name the individuals he now seeks to sue in his grievance, with the exception of Officer Jones. Therefore, Morgan did not properly exhaust his grievance against the other individuals, even if he provided enough information that KSR could likely determine their identities. *Accord Bloxson v. Thompson*, 2012 WL 590139, at *1 (W.D. Mich. Feb. 22, 2012) (finding failure to exhaust remedies against defendant who was not named in grievance, as "[t]he

---

[1] The motion for reconsideration does not include Andrew's grievance in this discussion. (DN 23, at 6–11.)

fact that Plaintiff did not have actual knowledge that Defendant Martin was the decision maker when the 2165 Grievance was filed does not change this result").

Next, Morgan asks the Court to reconsider its conclusion that the exception to the exhaustion requirement outlined in *Reed-Bey v. Pramstaller*, 603 F.3d 322 (6th Cir. 2010), does not apply to this case.[2] In *Reed-Bey*, the Sixth Circuit held that, when a prison ignores its own grievance policy that requires an inmate to name all individuals and considers the deficient grievance on the merits, a court may conclude that the prison has waived its requirement that all individuals be named and refuse to enforce it as a bar to the prisoner's suit. *Id.* at 325. The Court previously determined that the *Reed-Bey* exception was not applicable in this case, since both Morgan and Andrew's grievances were deemed to pertain to "non-grievable" issues at the first stage of review and were never given consideration on their merits. Morgan argues that this conclusion was incorrect because, as the Court understands his argument, it assumes that KSR would not have considered the grievance on its merits had it not been improperly deemed non-grievable. However, the Court made no assumption on what would have happened had KSR properly applied its own grievance policies. The Court concluded that, for the *Reed-Bey* exception to apply, the grievance must be considered on the merits. Here, Morgan's grievance did not receive merits consideration but was improperly dismissed on the procedural ground of grieving a non-grievable issue. It does not matter what would have happened had the policy been properly applied; all that matters is the grievance did not receive merits consideration. Therefore, the Court cannot conclude that KSR waived its requirement of naming all individuals.

However, Morgan and Andrew have raised arguments that the Court finds persuasive. First, they argue that summary judgment was inappropriate against defendants Tilley and Erwin since the internal prison grievance procedure was not an "available" forum in which to raise

---

[2] Again, the motion for reconsideration does not include Andrew's grievance in this discussion. (DN 23, at 11–12.)

4

complaints against state officials located outside the prison. While the Court specifically noted in its prior order that Morgan and Andrew had not made this argument in their response to the motion for summary judgment (DN 20, at 7 n. 1), the Court will nevertheless consider it under its inherent authority to reconsider its own interlocutory orders, especially since the defendants have not voiced any opposition to the motion for reconsideration. *See Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) ("District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment") (citations omitted).

Under the PLRA, an inmate "must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). In determining if a remedy is actually "available," the Court must take into account "the real-world workings of prison grievance systems" and examine whether the remedy, while "officially on the books, is not capable of use to obtain relief." *Id.* at 1859. Morgan and Andrew argue that summary judgment was inappropriate because there is a genuine dispute as to whether the KSR grievance system would entertain grievances against high-ranking state officials who made staffing decisions, raising questions as to whether it provided an "available" remedy.

On a motion for summary judgment on failure to exhaust grounds, a defendant carries the initial "burden of showing that there was a generally available administrative remedy, and that the prisoner did not exhaust that remedy[.]" *Bennett v. Mich. Dep't. of Corr.*, 2017 WL 3208591, at *5 (E.D. Mich. July 24, 2017) (report and recommendation adopted at 2017 WL 4230645). Once this burden has been met, "the prisoner has the burden of production . . . [he must] come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* (quotations and citations omitted). The defendants have presented the KSR grievance

5

policy as evidence of a generally available administrative remedy. (DN 13-2.) However, the Court agrees with Morgan and Andrew that the policy does not conclusively establish that it is the proper method for grieving against high-ranking state officials located outside the prison. The procedure uses the words "staff" and "staff member" throughout, but these terms are never defined. The policy does say that "[c]orrections policies and procedures" are grievable issues, which are listed separately from "[i]nstitutional policies and procedures," indicating that it may be possible to file grievances against employees of the larger Department of Corrections and not just those employed at the institution. But this evidence only leaves the Court with an unanswered hypothetical question: had Morgan or Andrew included the names of Tilley or Erwin in their grievances, would KSR have considered them? If the answer is yes, then the plaintiffs failed to properly exhaust their remedies, but if the answer is no, then there is a genuine dispute as to whether any remedy was actually available to the plaintiffs. Based on the record before the Court, the defendants have not proven that they would have been considered, making summary judgment inappropriate on the federal claims against Tilley and Erwin. Therefore, over no objection by the defendants, the Court will reconsider its November 3, 2017 order and **DENY** summary judgment on Counts I–III against defendants Tilley and Erwin. *Accord Dunn v. Dunn*, 219 F. Supp. 3d 1100, 1113 (M.D. Ala. 2016) (finding that medical grievance procedure was not available for claim of custodial understaffing, because medical staff "has nothing to do with custodial staffing").

Morgan and Andrew also argue that the entire KSR grievance system was unavailable to them, since they were denied an opportunity to have their grievances heard when they were incorrectly deemed non-grievable. Again, this argument is dependent on *Ross*, which outlines three circumstances under which a remedy may be considered unavailable. The one most

pertinent to this case is "when (despite what regulations or guidance materials may promise) [the grievance procedure] operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Ross*, 136 S. Ct. at 1859. The plaintiffs argue that the incorrect rejection of their grievances creates a genuine dispute as to whether the system was available to them, since their seemingly legitimate grievances reached a dead end when they were deemed non-grievable.

To begin, the Court has doubts as to whether Morgan and Andrew have demonstrated, or will be able to demonstrate, the unavailability of a remedy simply by showing that their grievances were incorrectly classified and denied merits review. *Ross* uses language that implies a remedy is only unavailable if it is *repeatedly* unavailable. *See id.* at 1859 ("with officers unable or *consistently* unwilling to provide any relief to aggrieved inmates"; "So too if administrative officials have apparent authority, but decline *ever* to exercise it") (emphasis added). It is unclear whether this language is meant to indicate that a plaintiff must show that the prison has consistently refused to entertain (1) a particular grievance by a particular inmate, (2) all grievances by a particular inmate, (3) a particular grievance by all inmates, or (4) all grievances by all inmates. "[C]onsistently unwilling to provide any relief to aggrieved *inmates*" implies that there must be evidence that remedies are systemically unavailable to all prisoners who file grievances, not just the plaintiff. However, some courts, including the Western District of Kentucky, have interpreted this phrase so as to focus on whether the plaintiff alone has been consistently stymied by his attempts to pursue grievances. *Ratliff v. De Baun*, 2017 WL 4365802, at *5–6 (W.D. Ky. Sep. 29, 2017) (because plaintiff "was never consistently denied a grievance form, De Baun and County Defendants proved that the Jail's grievance procedure is not a 'dead end'"). Further, other courts have found that one instance of a plaintiff not receiving

7

a response to his grievance is sufficient to create a genuine dispute as to whether a remedy was available. *See Greene v. Miller*, 2016 WL 6662558, at *5 (W.D. Mich. Oct. 24, 2016).

Here, there is evidence of two grievances being submitted to the KSR grievance system and being misclassified as pertaining to non-grievable issues: the grievances of Morgan and Andrew. (DN 15-1, 15-2.) While the Court is not convinced that these grievances alone will be sufficient for the plaintiffs to show that no remedy was available to them through the grievance system under *Ross*, they are sufficient to create a genuine dispute as to the availability of a remedy and merit discovery on the issue. Therefore, over no objection by the defendants, the Court will reconsider its November 3, 2017 order and **DENY** summary judgment on Counts I–III against all defendants.

### III. MOTION TO DISMISS

#### A. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiffs," *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true," *id*., and determine whether the "complaint . . . states a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to

infer more than the mere possibility of misconduct." *Id*. at 678–79. Instead, a complaint "must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id*. at 677 (quoting Fed. R. Civ. P. 8(a)(2)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**B. ANALYSIS**

In its November 3, 2017 order, the Court declined to dismiss Morgan and Andrew's state-law negligence claims, as the only arguments presented by the defendants pertained to the PLRA's exhaustion requirement, which does not govern state-law claims by prisoners. The defendants have now moved to dismiss the negligence claims on the grounds that the plaintiffs have not exhausted their remedies as required under KRS § 454.415. That statute states, in pertinent part:

> (1) No action shall be brought by or on behalf of an inmate, with respect to:
>
>     (a) An inmate disciplinary proceeding;
>     (b) Challenges to a sentence calculation;
>     (c) Challenges to custody credit; or
>     (d) A conditions-of-confinement issue;
>
> Until administrative remedies as set forth in the policies and procedures of the Department of Corrections, county jail, or other local or regional correctional facility are exhausted.
>
> (2) Administrative remedies shall be exhausted even if the remedy the inmate seeks is unavailable.
>
> …
>
> (4) A court shall dismiss a civil action brought by an inmate for any of the reasons set out in subsection (1) of this section if the inmate has not exhausted administrative remedies . . .

Morgan and Andrew argue that "KRS 454.415 does not rely on a separate substantive body of law" and that the "exhaustion of the state law claims under that statute is subject to the same analysis as exhaustion of federal law claims under the PLRA." (DN 24, at 2.) However, the Kentucky Court of Appeals has stated that courts interpreting KRS § 454.415 are not bound by how federal courts have interpreted the PLRA and that the two statutes are not necessarily congruent in their scope or terms. *Bailey v. Beckstrom*, 2007 WL 1519521, at *2 (Ky. Ct. App. May 25, 2007) ("*Bey v. Johnson* [407 F.3d 801 (6th Cir. 2005)] was a federal statutory interpretation case regarding a federal court's application of the [PLRA]'s exhaustion of remedies requirement. Therefore, *Bey* does not control our decision today nor is it applicable to [this] case which involves the application of KRS 454.415(1)"). In the absence of Kentucky cases interpreting KRS § 454.415(1), federal courts in Kentucky have utilized interpretations of the PLRA in situations where the two statutes overlap. *See Burke v. Thompson*, 2016 WL 2587996, at *10 (W.D. Ky. May 4, 2016) (in the absence of any case "interpreting whether the exhaustion requirement found in KRS § 454.415 applies to former prisoners," the court found "the statutory language of the PLRA to be analogous and case law interpreting the PLRA to be persuasive"). But the Court finds that the exhaustion requirements of the PLRA and KRS § 454.415 are not congruent, as they contain significantly different language.

For example, the Supreme Court stated in *Ross* that the "availability" requirement of the PLRA is a feature of the statute's language, which explicitly states that a prisoner must exhaust "such administrative remedies *as are available*[.]" *Ross*, 136 S. Ct. at 1856. However, there is no similar language in KRS § 454.415. Instead, it requires exhaustion of "administrative remedies as set forth in the policies and procedures of the Department of Corrections[.]" Further, the only time the statute mentions the availability of a remedy is in stating that

"[a]dministrative remedies shall be exhausted even if the remedy the inmate seeks is unavailable." Thus, it appears that KRS § 454.415 does not depend on the "availability" of the remedy in the same way as the PLRA. Instead, so long as there are "administrative remedies . . . set forth in the policies and procedures of the Department of Corrections," they must be followed for a plaintiff to have exhausted his remedies.

As the Court has already determined, Morgan and Andrew did not comply with the KSR grievance policy of identifying all individuals. This is sufficient under KRS § 454.415 to conclude that both failed to exhaust their administrative remedies as to their negligence claims, as the availability of a remedy from the grievance procedure is not a factor. The only exception is Officer Jones, who is named in Morgan's grievance. Therefore, the motion to dismiss the negligence claims against all defendants, with the exception of Officer Jones, is **GRANTED**.[3]

### D. SUMMARY

Therefore, the Court will order the following:

(1) Count I (§ 1983 claim against all defendants): upon reconsideration, the motion for summary judgment for failure to exhaust available remedies is **DENIED** as to all defendants.

(2) Count II (§ 1983 claim against all defendants): upon reconsideration, the motion for summary judgment for failure to exhaust available remedies is **DENIED** as to all defendants.

(3) Count III (§ 1983 claim against Tilley, Erwin, Smith, and Brown): upon reconsideration, the motion for summary judgment for failure to exhaust available remedies is **DENIED** as to all defendants.

---

[3] As opposed to the PLRA, where failure to exhaust is an affirmative defense that is more appropriately asserted in a motion for summary judgment, administrative exhaustion under KRS § 454.415 is a jurisdictional prerequisite for state-law claims. *See* KRS § 454.415(4) ("A court *shall dismiss* . . .") (emphasis added); *Stephens v. Dep't of Corr.*, 2017 WL 4220058, at *1 (Ky. Ct. App. Sep. 22, 2017). Therefore, the defendants have properly moved to dismiss the action on failure to exhaust grounds.

(4) Count IV (negligence as to all defendants): the motion for summary judgment is **GRANTED**, with the exception of Officer Jones, for whom the motion is **DENIED**.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the defendant's motion to dismiss (DN 22) is **GRANTED IN PART** and **DENIED IN PART**. **IT IS FURTHER ORDERED** that the plaintiffs' motion for reconsideration (DN 23) is **GRANTED IN PART** and **DENIED IN PART.**

*Joseph H. McKinley*
**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**
February 2, 2018

cc: counsel of record